IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-2303-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Robert James Pearson White, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends he received ineffective assistance of counsel prior to the entry of his guilty plea and at sentencing. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

Defendant was named in a three-count Indictment filed in the District of South Carolina on November 15, 2011. On January 8, 2012, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that he was subject to enhanced penalties based on his convictions for two prior felony drug offenses.

On February 8, 2012, pursuant to a plea agreement with the Government, Defendant entered a guilty plea to Count One of the Indictment which charged a conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), and 846. Under the terms of the Plea Agreement, Defendant agreed to be fully truthful and forthright with law enforcement agencies and that his failure to be fully truthful and

forthright at any stage of the proceedings would, at the sole election of the Government, cause the obligations of the Government to become null and void. Defendant agreed to submit to a polygraph examination if requested by the Government and agreed that his failure to pass any such polygraph examination to the Government's satisfaction would result, at the Government's sole discretion, in the obligations of the Government within the Plea Agreement becoming null and void.

The Government agreed in the Plea Agreement that if Defendant cooperated and complied with all of the provisions of the Plea Agreement and Defendant's cooperation was deemed to be substantial assistance, the Government would withdraw, at sentencing, one enhancement contained in the Information previously filed pursuant to 21 U.S.C. § 851, which would change the statutorily required sentence from life imprisonment to twenty years to life imprisonment.

On February 4, 2012, Defendant submitted to a polygraph examination at the Federal Bureau of Investigation (FBI). According to the examiner, Defendant did not pass the polygraph. The Government then took the position that Defendant was in breach of the Plea Agreement and therefore did not move to withdraw one of the § 851 enhancements. Accordingly, Defendant faced a statutorily-mandated sentence of life imprisonment.

A Presentence Report (PSR) was prepared in anticipation of sentencing and counsel for Defendant filed a variety of objections to the PSR. On May 11, 2012, Defendant appeared for sentencing and after review of the objections and their potential impact upon his sentence, Defendant withdrew his objections. Defendant was sentenced to life imprisonment. Defendant filed an appeal, and on July 11, 2013, Defendant's sentence was affirmed. *United States v. White*, 532 F. App'x 390 (4th Cir. 2013), *cert. denied*, __ U.S. __, 134 S. Ct. 660 (2013).

On November 14, 2014, Defendant filed the current motion for relief under 28 U.S.C. § 2255.

## II. STANDARD

Defendant maintains that he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

When a defendant has pled guilty, the hurdle to establish prejudice is high. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Such a defendant must show that but for counsel's unprofessional errors, there is a reasonable probability that "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's "subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). Any after-the-fact assertions of subjective preferences should be afforded "little significance." *United States v. Braxton*, 112 F.3d 777, 781 (4th Cir. 1997) (*en banc*) ("Subsequent testimony by an accused about his prior subjective mental impressions and reactions must be carefully scrutinized, as such testimony is always influenced by his self-interest.") (internal

quotation marks and alterations omitted)). After pleading guilty, a defendant cannot demonstrate prejudice from counsel's performance where pleading guilty is "objectively, [the defendant's] best option." *United States v. Dyess*, 730 F.3d 354, 361-63 (4th Cir. 2013).

### III. DISCUSSION

Defendant contends he received ineffective assistance of counsel in several respects. First, he contends his plea was not knowing and voluntary because counsel promised Defendant that if he entered into a plea agreement with the Government, he would receive a maximum sentence of twenty years' imprisonment; that counsel was ineffective in failing to challenge Defendant's prior South Carolina drug conviction under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and that counsel was ineffective in failing to challenge the drug quantities contained in the Presentence Report (PSR) pursuant to *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). Defendant maintains that if he knew he faced a life sentence if he failed to comply with the terms of the plea agreement, he would have proceeded to trial.

Defendant's allegations are without merit. This court conducted a thorough Rule 11 hearing, during which all provisions of the plea agreement were reviewed with Defendant, including the applicable penalty provision if the Government withdrew its Information filed pursuant to 21 U.S.C. § 851; the obligations of both parties under the plea agreement, including Defendant's obligation – if asked to take a polygraph examination – to pass the polygraph examination to the satisfaction of the Government; and Defendant's responsibility for distribution of 5 kilograms or more of cocaine.

### IV. CONCLUSION

For the reasons stated by the Government in its motion for summary judgment, which this court finds to be correct and adopts, the motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 21, 2015