IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-2303 |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Robert James Pearson White, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 174. Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on November 17, 2014. ECF No. 139. After full briefing of Defendant's motion, the court granted the Government's motion for summary judgment and dismissed Defendant's motion with prejudice. ECF No. 160. Defendant appealed this determination, but the Fourth Circuit dismissed his appeal. ECF No. 169. On June 17, 2016, Defendant filed a pro se motion for leave to file a second or successive § 2255 motion. ECF No. 171. This court entered an Order dismissing Defendant's motion and explaining the process for obtaining permission from the Fourth Circuit to file a second or successive § 2255 motion. ECF No. 172.

The current motion (ECF No. 174) is a successive § 2255 motion. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving

party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). On July 6, 2016, the Fourth Circuit denied Defendant's § 2244 motion for authorization to file a second or successive § 2255 on the ground that "the holding in *Johnson* entitles White to no relief." No. 16-9612, ECF No. 6 (4th Cir. July 6, 2016).[1]

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to receive permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 18, 2016

---

[1] As this court noted in its Order of June 20, 2016, despite his motion, Defendant does not appear to have a valid *Johnson* claim. Defendant was never designated as an armed career criminal or a career offender, and was not sentenced as such. Defendant did have two prior felony drug offenses, and was subject to enhanced penalties based on an Information filed by the Government pursuant to 21 U.S.C. § 851. *See* ECF No. 43.